■ In the Matter of the Claim of WILLIAM WATTLEY, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1987, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with the reporting requirements.

On January 25, 1977, claimant was arrested as a parole violator and jailed without bail. Thus, he was unable to certify for unemployment insurance benefits on January 26, 1977, his normal reporting date, although he called the local office on that day and explained his situation. A couple of days later, claimant again called the local office. Several weeks later, the local office was contacted by a member of claimant's family. Claimant made no written communication to the local office regarding his claim until a letter dated April 14, 1978. Claimant's unemployment insurance book was locked in his apartment at the time of his arrest and he made no arrangements to secure it for about a year and, indeed, did not mail it to the local office until May 1978. An Administrative Law Judge sustained the initial determination that claimant did not comply with the reporting requirements. On April 19, 1979, the Unemployment Insurance Appeal Board affirmed and, after reopening, adhered to its decision. This appeal ensued.

We affirm. Claimant concedes that he neither reported on

his regular reporting day or within four weeks (12 NYCRR 473.2 [e] [1]), nor made a written request to be excused from the four-week period (12 NYCRR 473.2 [e] [2]). Claimant submitted no reason or justification for his failure to do so. Accordingly, the final determination narrows to whether the Board abused its discretion in failing to excuse claimant's improper reporting or certifying. We hold that it did not.

To miss reporting due to incarceration is not a satisfactory excuse. Claimant must be held accountable for his actions. Further, claimant did not communicate with the local office until the letter dated April 14, 1978, some 15 months after his normal reporting date. It is apparent that claimant failed to pursue his right to benefits with any degree of diligence. After receiving 63 benefit payments, claimant can be presumed to know the reporting requirements. Thus, we cannot say that the refusal to excuse his failure to certify was arbitrary or capricious.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.